IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:11-2063-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COLBY FOUST | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on Amendment 750 to the United States Sentencing Guidelines (U.S.S.G.). For the reasons which follow, the motion is denied.

On May 7, 2012, the defendant was sentenced to 240 months imprisonment after pleading guilty Count 1 of the Indictment which charged conspiracy to possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine in violation of 28 U.S.C. § 841(a)(1) and (b)(1)(A).

The defendant had three prior felony drug convictions which subjected him to enhanced penalties—a minimum sentence of Life—under 21 U.S.C. § 851. At sentencing, however, the government agreed to remove all but one of the defendant's prior convictions from the sentencing calculation which had the effect of lowering the defendant's statutory range from Life to 240 months.

When the defendant's original guideline sentence was calculated using a 1 to 1 ratio (which was actually lower than the post-FSA ratio of 18 to 1), the attributable drug weight

1

was 1.65 kilograms of cocaine base or crack, resulting in a base offense level of 34. The defendant's offense level was further reduced by 3 levels for acceptance of responsibility, producing an amended offense level of 31. Coupled with a criminal history category of V, this resulted in a guideline range of 168 to 210 months. However, even with the 1 to 1 crack ratio applied, the defendant was still subject to the statutorily required minimum penalty of 240 months because of his prior conviction. In other words, the guideline sentence was driven by the statutorily required minimum penalty rather than the attributable drug weight. Under U.S.S.G. § 5G1.1(b), if a proposed guideline sentence is less than the mandatory minimum sentence, then the statute trumps the guidelines and the statutory sentence must be applied.

Section 3582(c)(2) provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines pursuant to 28 U.S.C. § 994(u), the court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission.

Part A of Amendment 750 altered the offense levels in U.S.S.G. § 2D1.1 applicable to crack cocaine offenses. The Fair Sentencing Act of 2010—which statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 USC Section 841(b)—directed the Sentencing Commission to lower the guideline offense levels. Amendment 750 provides a two-level reduction in the offense level and applies to eligible defendants who were sentenced for crack offenses under the Guidelines and who are

2

not subject to mandatory minimum sentences. Amendment 750 became effective on November 1, 2011 and was made retroactive. In *Dillon v. United States*, 130 S. Ct. 2682 (2010), the Supreme Court explained that § 3582 authorizes only a limited adjustment to an otherwise final sentence.

With regard to the Fair Sentencing Act of 2010, the inclusion of Amendment 750 was made retroactive only to the guideline offense levels for crack cocaine offenses; the levels for powder cocaine were not altered. Additionally, Amendment 750 did not change the statutory mandatory minimum, nor did it make the statutory changes in the FSA retroactive. See also *Dorsey v. United States*, No. 11-5683, slip op. at 19 (U.S. June 21, 2012) (finding that if a defendant was sentenced after the August 3, 2010 enactment of the FSA for pre-Act conduct, the new FSA statutory thresholds should apply).

In calculating the proposed sentencing range to determine the potential applicability of Amendment 750 to the defendant's sentence, the court looked at the following factors. First, the drug quantity originally adopted by the court was 1.65 kilograms of crack cocaine. The defendant's amended total offense level was 31 (original offense level of 34 minus 3 levels for acceptance of responsibility). With an amended offense level of 31 and a criminal history category of V, the amended guideline range is 168 to 210 months—the same guideline range that was used when the defendant was originally sentenced on May 7, 2012. Because there was no change in the guideline range, Amendment 750 is not applicable to the defendant. Moreover, the defendant is subject to a statutory mandatory minimum sentence.

Accordingly, the defendant's motion (ECF No. 678) is denied.

IT IS SO ORDERED.

August 14, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge