IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STANLEY D. PARTMAN<br>a/k/a Goat | CR. No. 3:11-2063-JFA-10<br><br>**ORDER REGARDING DEFENDANT'S PRESENCE IN THE COURTROOM AT TRIAL** |

The jury began its deliberation in this case on the afternoon of November 28, 2012. Before the jurors returned to the courthouse to resume deliberation on November 29, 2012, this court ordered that the defendant be removed from the courtroom for the duration of the trial. This order is being entered to memorialize the court's reasons for removing the defendant from the courtroom.

As set out in more detail in this court's order regarding the defendant's competency to stand trial, this case has a troublesome history. *See* ECF No. 778. The defendant was initially dissatisfied with the efforts of his first court-appointed attorney, William Watkins, and after the court appointed a new attorney, John O'Leary, to replace Mr. Watkins, the defendant soon expressed his displeasure with Mr. O'Leary as well. Shortly before the trial began, Mr. O'Leary informed the court that the defendant had signaled his intention to disrupt the trial proceedings.

On the first day of trial, before the jury entered the courtroom, the court conducted a colloquy with the defendant and admonished him that any disruptive behavior on his part could result in sanctions up to, and including, his removal from the courtroom. The court informed the defendant that removal from the courtroom would require him to view the trial proceedings on a closed-circuit television monitor in the Marshal's holding cell in the courthouse. The defendant assured the court that he did not intend to disrupt the trial.

Notwithstanding the defendant's promise, as soon as the jury members had taken their seats in the courtroom, the defendant stood and announced, in a loud voice, that he did not want to go forward with the trial because Mr. O'Leary was not properly representing him. The defendant further stated that Mr. O'Leary indicated to the defendant that he (Mr. O'Leary) was not being paid enough to represent the defendant in this case.

At the first court recess following this outburst, the court admonished the defendant that he had disregarded the court's instructions and again warned him that any further disruptive behavior could result in sanctions, including removal from the courtroom.

Then, during jury deliberations, the jury sent the court a note asking for details relating to the defendant's statements to law enforcement officers made pursuant to a proffer agreement. When the court obtained confirmation from both the prosecutors and defense counsel that the proper response by the court would be to tell the jury that these details were not of their concern, the defendant again arose and stated his displeasure with the proposed response of the court to the jury's questions.

The third outburst occurred as the court was in the process of adjourning the trial for the day and releasing the jury to go home for the evening before resuming deliberations the following day. Court was convened at 6:00 p.m. and the court instructed the bailiff to bring the jury into the courtroom so that the jury could be officially discharged for the evening with instructions to return the following morning to resume deliberations. On this occasion, as soon as the jury was seated, the defendant again arose and began speaking directly to the jury, complaining that the court was not providing a truthful answer to the jury's earlier questions. It appeared to this court that several jurors were noticeably frightened by the defendant's behavior.

The defendant had thus received multiple warnings from this court and had attempted to disrupt the trial proceedings on multiple occasions. The court was thus left with no recourse except to remove the defendant from the courtroom for the duration of the trial. As a result, the defendant was not present when, in response to additional questions, the jury returned to the courtroom to hear certain recorded evidence replayed and portions of the transcript read. Likewise, the defendant was not present when the jury returned its verdict and the verdict was read. However, the court finds that the defendant was not prejudiced by his removal, as he was able to view and listen to the few remaining proceedings via closed-circuit television from the holding cell in the courthouse.[1]

IT IS SO ORDERED.

November 29, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] *See* Email from Deputy U.S. Marshal Christopher W. Taylor, attached hereto.